P–H Group, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 98835.    Promulgated March 19, 1941.

*Urban E. Wild, Esq., Milton Cades, Esq.,* and *E. R. Cameron, C. P. A.,* for the petitioner.

*B. H. Neblett, Esq.,* for the respondent.

1042

of the PH GROUP's net worth at this time, by reason of the fact that you have paid $5,000.00 into the fund of $64,700.00, which is the total paid in by the members of the Group.

At this date the Group owns 16,503 shares of the Bacolod-Murcia Milling Company of Negros, Occidental, Philippine Islands. In addition to these shares there is a fund on hand on deposit in the Bishop National Bank of Hawaii at Honolulu amounting to approximately $2,000.00. This fund is held at interest and is the current working capital of the Group, and, of course, the amount changes from time to time as interest is received and expenses are incurred.

## OPINION.

SMITH: Considering the limited purpose for which the P–H Group was formed, the informal manner of its organization, its restricted business activities, and the absence of resemblance to corporations, we think that it lacked the essential features of an association taxable as a corporation.

The decided cases do not offer any uniform test for distinguishing associations taxable as corporations from syndicates, joint adventures, trusts, partnerships, and other types of organizations. As stated in *Morrissey* v. *Commissioner*, 296 U. S. 344, 356:

\* \* \* it is impossible in the nature of things to translate the statutory concept of "association" into a particularity of detail that would fix the status of every sort of enterprise or organization which ingenuity may create. \* \* \*

It is a question that must be determined on the facts and circumstances of each particular case.

Some of the "salient features" of the trust under consideration in *Morrissey* v. *Commissioner*, *supra*, which characterized it as an association, were that it was created and maintained as a medium for carrying on a business enterprise and sharing the gains; the trustee as a continuing entity held title to the property embarked in the undertaking; and there was centralized management, continuity of interests, and limitation of personal liability. Unquestionably the P–H Group embodied, more or less vagely, some of these features. It was organized and maintained for the purpose of making a profit, which was realized and shared by the participants, and was therefore a "business enterprise." See *Vernon J. Bert, Trustee*, 34 B. T. A. 805; affd., 92 Fed. (2d) 491; *Swanson* v. *Commissioner*, 296 U. S. 362. It does not appear, however, that the P–H Group or any one acting for it ever acquired ownership of the shares of stock purchased on behalf of the individual members. Lee purchased the shares merely as agent for the other members and he never became the legal owner of the stock. Likewise, some of the certificates were

issued to Owen and the others were endorsed to him but he acquired no legal title to them. He acted merely as agent for the members of the group. Apparently ownership of the shares remained in the individual group members, each owning a proportional undivided interest in the whole. Cf., in this respect, *Commissioner* v. *Whitcomb Coca-Cola Syndicate*, 95 Fed. (2d) 596, affirming 35 B. T. A. 1031.

Neither was there any centralized management of the business enterprise. No individual or group of individuals had any authority to purchase or sell any shares of stock for the group except as instructed by the group as a whole. The so-called officers of the group had no general powers or authority and their duties were purely ministerial. Cf. *Gibbs-Preyer Trust #1*, 39 B. T. A. 492; affd. (C. C. A., 6th Cir.), 117 Fed. (2d) 619.

Although some of the members testified that they did not consider that they had any personal liability beyond the amount of their subscription pledges, there was no expressed limitation of personal liability in their agreement and no apparent basis for the assumption that there was any such limitation. The facts in the instant case more nearly resemble those in *Commissioner* v. *Whitcomb Coca-Cola Syndicate, supra,* and *W. S. Farish,* 36 B. T. A. 1114, than any of the numerous cases cited by counsel for the respondent in his brief. See also *E. L. Cord,* 38 B. T. A. 1372; *Harry E. MacConaughey,* 41 B. T. A. 408. As was held in those cases, we hold in the instant case that the P–H Group was not an association taxable as a corporation.

With this disposition of the principal issue, it is not necessary to determine whether the petitioner is entitled to declare a value for its capital stock.

*Decision of no deficiencies will be entered.*